IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NICHOLAS L. GORDON                                                        PETITIONER
Reg. #22167-076

vs.                          Case No. 2:17-cv-00114 KGB-JTK

REVERTIS CAIN, Senior Officer, and
GENE BEASLEY, Warden, FCC-Forrest City                      RESPONDENTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner Nicholas L. Gordon is a federal inmate currently incarcerated in Forrest City, Arkansas. He filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241 (DE #1) on July 6, 2017. For the reasons set forth herein, the Court recommends that Respondent's Motion to Dismiss Officer Revertis Cain be granted and that the petition be dismissed without prejudice.

### **I. Background**

Petitioner filed the instant § 2241 habeas petition asserting violations of his

constitutional rights. Specifically, Petitioner claims that (1) Officer Cain is holding his legal mail and preventing him from filing an appeal to the Clemency Project 2014; (2) Officer Cain put his life in danger by calling him an eyewitness in front of other inmates; and (3) Officer Cain defamed his character. (DE #1) He seeks $25,000,000 for "stopping [him] from going home and [putting] my life endanger (sic)[.]" (DE #1, at 6)

In answer to the petition, Respondent argues Officer Cain is an employee of FCC-Forrest City and that she does not have custody over Petitioner; therefore, the claims as against Officer Cain are improper and should be dismissed. Further, Respondent contends that Petitioner has no liberty interest in clemency and that the petition should be dismissed. (DE# 8)

## II. Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment:" (1) a civil rights complaint pursuant to 42 U.S.C. § 1983; and (2) a petition for writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The United States Supreme Court first addressed the interrelationship between § 1983 and federal habeas corpus in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Importantly, the Court noted that the Petitioner's label of his petition is not controlling. *Id.* at 489-90. Instead, Courts look to the substance of the relief sought in distinguishing habeas from section 1983 causes of action. *Id.*

A civil rights complaint under § 1983 "is a proper remedy for a state prisoner who is

making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. at 499. A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody. *Id.* at 484. Habeas is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration, " *Id.* at 489, not challenges to the conditions of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Otey v. Hopkins*, 5 F.3d 1125, 1130–31 (8th Cir.1993), *cert. denied*, 512 U.S. 1246 (1994). As explained by the Eighth Circuit Court of Appeals:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. . . . Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996) (per curiam) (internal citation omitted).

In this instance, the Motion to Dismiss Officer Cain should be granted. A writ shall be directed to the person having custody of the person detained. *See* 28 U.S.C. § 2243. Officer Cain does not have custody over Petitioner; therefore, she should be dismissed as a party to this action.

Next, Petitioner is not challenging the duration or constitutionality of his confinement. Rather, his claims are instead challenges to the conditions of his confinement. Thus, the relief

Petitioner seeks cannot be obtained in a § 2241 habeas action. *See, e.g., Williams v. Hopkins*, 130 F.3d 333, 335–36 (8th Cir.1997) (challenges "to the conditions of confinement" must be brought in a civil rights action filed pursuant to a 42 U.S.C. § 1983 action, while challenges "to the fact or duration of a sentence of imprisonment" must be brought in a § 2254 habeas action).  To the extent that Petitioner's first claim related to clemency can be liberally construed to include a habeas challenge, it must fail because the Due Process Clause does not create a protected liberty interest in any particular outcome in a clemency proceeding, *Sandin v. Conner*, 515 U.S. at 484.  *Cf Noel v. Harris*, 336 F.3d 648, 649 (8th Cir. 2003) (citing *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000) ("if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated.").

Further, if a federal habeas petitioner is not challenging the validity of his conviction or sentence or the length of his custody, the court lacks subject matter jurisdiction to grant relief.  *Khaimov v. Crist*, 297 F.3d 783, 785–86 (8th Cir.2002) (finding that habeas petitioner's claims regarding prison mail and segregation were improperly brought under § 2254 because they were not alleged to have illegally extended his period of confinement); *Mercer v. U.S. Medical Center for Federal Prisoners*, 312 F.Supp.1077,1079 (D.C. Mo. 1970)(finding petitioner's "allegations that he and 'all other camp prisoners' are denied opportunity to earn money by working in prison industry or to participate in vocational training programs do not present circumstances which would presently entitle him to habeas

corpus relief). However, in *Spencer v. Haynes*, the Eighth Circuit held that, where a *pro se* prisoner has improperly raised a "potentially viable" conditions-of-confinement claim in a habeas action, the Court must liberally construe the filing and "recharacterize [the] claim into the correct procedural vehicle" instead of dismissing for lack of jurisdiction. *Spencer*, 774 F.3d 467, 471 (8th Cir. 2014) Before recharacterizing such a claim, however, the Court should "first obtain the consent of the *pro se* individual."[1] *Id.*

Here, the undersigned would not recharacterize Petitioner's vague arguments regarding mail mishandling, endangerment, and defamation for the reasons that follow. First, defamation is not actionable under § 1983 because a detained person has not been deprived of any right, privilege, or immunity secured him by the Federal Constitution or laws of the United States. *Morey v. Independent Sch. Dist.*, 429 F.2d 428 (8th Cir .1970). *See also Paul v. Davis*, 424 U.S. 693, 701-02 (1976); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). Second, Petitioner's next claim—a violation of his constitutional rights due to the refusal to send his legal mail to the Clemency Project 2014 [2]—does not state a claim of

---

[1]This is because there may be some detriment to a petitioner to have a habeas petition automatically converted to a civil rights case subject to the requirements of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, before filing a civil rights complaint, a prisoner must exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), and pay the full $400.00 filing fee, 28 U.S.C. § 1915(b), either up front or installments over time. Additionally, the PLRA contains a three strikes provision, under which there is a "strike" for each lawsuit or appeal filed that is dismissed because it is frivolous, malicious, or does not state a proper claim. § 1915(g).

[2]Clemency Project 2014 is a Department of Justice initiative composed of lawyers and advocates from various groups aimed at providing pro bono assistance to federal prisoners who would likely have received substantially lower sentences if convicted of the same offense(s) today. These individuals must meet certain criteria to participate in the program.

denial of access to the courts, and more, is unclear, conclusory, and fails to state a claim on which relief may be granted. *Hannah v. Schriro*, 242 F.3d 374 (8th Cir. 2000) (conclusory allegations are not sufficient to state a claim under § 1983). The final claim—that his life was endangered by Officer Cain stating in front of other inmates that he was an eyewitness—would likewise fail if it were recharacterized as a civil rights violation because it too is both unclear and conclusory. It is not clear from the petition what Petitioner may have been an eyewitness to or what Officer Cain stated to place Petitioner's life in danger. Rather than giving Petitioner the option of converting these latter two claims to a § 1983 civil rights lawsuit, only to dismiss that suit for failure to state claims that would result in a strike, the Court should dismiss them without prejudice. *See Spencer*, 774 F.3d at 471 (explaining that recharacterization of a habeas petition as a civil rights lawsuit is appropriate when the habeas petition states a potentially viable civil rights claim). Petitioner is free to file a civil rights lawsuit under § 1983, subject to the requirements of the PLRA.

### III. Conclusion

Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss Officer Cain, be granted and that the petition for writ of habeas corpus pursuant to § 2241, DE #1, be dismissed without prejudice

SO ORDERED this 30th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE